IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Andre Sweeper,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Vernetia Dozier, Lt. Mathis, Lt. C. Murdock, Lt. Rhodan, Sgt. T. Tice, Sgt. Brown, C/O Copeland, C/O T. Owens, C/O Brown, C/O Davis, C/O Cynthia E. Green, C/O Randall, Ms. Angie,<br><br>　　　　　Defendants. | C/A No. 1:20-cv-02545-SAL<br><br><br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's motion to reconsider (the "Motion"). [ECF No. 57.] This motion asks the court to reconsider its January 21, 2022 order (the "Order") adopting the Report and Recommendation of the Magistrate Judge ("the Report"), ECF No. 51, and granting Defendants' motion for summary judgment, ECF No. 44. For the following reasons, the court denies the Motion.

## BACKGROUND

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights. [ECF No. 1.] Plaintiff's claims concern the treatment he received as a pretrial detainee at the Orangeburg County Detention Center ("OCDC") from July 8, 2017, to November 8, 2017. On July 14, 2021, Defendants filed a motion for summary judgment. [ECF No. 44.] Following briefing on the motion for summary judgment, the Magistrate Judge issued her Report recommending the court grant Defendants' motion. [ECF No. 51.] Following

1

a review of Plaintiff's objections to the Report, this court overruled Plaintiff's objections, adopted the Report in its entirety, and granted Defendants' motion for summary judgment. [ECF No. 55.]

Plaintiff now asks the court to reconsider its Order. [ECF No. 57.] Defendants filed a response in opposition, ECF No. 58, and the matter is thus ripe for ruling by the court.

## LEGAL STANDARD

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals has interpreted Rule 59(e) to allow a court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific Insurance*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

## DISCUSSION

In his Motion, Plaintiff argues that the court incorrectly applied the standard governing deliberate indifference claims—an alleged clear error of law. *See* [ECF No. 57 at 4.] Specifically, Plaintiff asserts that the court failed to consider circumstantial evidence he presented regarding the Defendants' knowledge of Plaintiff's medical condition and the sheet metal on which he injured his hand.

2

First, with respect to Plaintiff's medical condition, Plaintiff argues that the fact that he reported his condition and need for medication on the OCDC intake form is "strong circumstantial evidence "of knowledge as to *each of* the Defendants." [ECF No. 57 at 4.]  Plaintiff, however, provides no case law in support of such a broad-sweeping assertion.  The only individual Defendants Plaintiff alleged were involved with his intake and informed of his seizure disorder were Defendants Mathis, Copeland, and Tice.  And regarding these Defendants, the court found that, even if they had knowledge of his serious medical condition, Plaintiff's § 1983 claim fails because he "failed to show how any of these Defendants acted with deliberate indifference regarding his seizures." [ECF No. 55 at 10.]  The court, therefore, finds no basis for altering its Order.

Second, regarding the night of the seizure event, the Report noted that Plaintiff "failed to identify a specific defendant who knew, on the night in question, or had a reason to suspect, Plaintiff was prone to seizures and deliberately chose to not render him aid." [ECF No. 51 at 18.]  In his objections to the Report, Plaintiff argued that Defendant Mathis was on duty that night.  However, the court's Order noted that Plaintiff failed to make such an argument in prior briefing and that Mathis's deposition testimony fails to reflect that he was working on the night or morning in question.  *See* [ECF No. 55 at 6.]  Plaintiff now suggests that both Defendants Mathis *and* Copeland were on duty the night of his seizure event, and their alleged failure to conduct safety checks, in light of their knowledge of Plaintiff's seizure condition, "at least creates a question of fact as to whether they acted with deliberate indifference." [ECF No. 57 at 4.]

As an initial matter, the court notes that a rule 59(e) motion may not be used to raise new arguments that could have been raised prior.  *See Pacific Insurance*, 148 F.3d at 403.  Furthermore, Plaintiff offers no additional evidence that these officers were on duty the night in question.  And even assuming Defendants Mathis or Copeland were on duty and there was evidence that they

3

failed to conduct the requisite number of safety checks, Plaintiff's argument misses the mark. As stated in the court's Order: "Plaintiff's objection fails to account for the fact that the standard governing his Fourteenth Amendment claim is deliberate indifference to a serious medical need and not adherence to internal policies and procedures. Alleged failures to comport with internal policies and procedures do not themselves create a constitutional violation." [ECF No. 55 at 5 (citing *Jackson v. Sampson*, 536 F. App'x 356, 357–58 (4th Cir. 2013).] Plaintiff fails to point to an error of law in this statement or point to any evidence demonstrating that Defendant Mathis or Copeland acted with deliberate indifference to a serious medical need. Consequently, the court finds no basis for reconsidering its Order.

Finally, the court turns to Plaintiff's argument regarding the piece of overhead sheet metal located in the shower area, on which Plaintiff cut himself. Plaintiff asserts that the court disregarded evidence that each Defendant had "circumstantial knowledge of the sheet mental given the length of time it existed as well as the nature and size of that piece of metal." [ECF No. 57 at 6.] Plaintiff again asks the court to broadly impute knowledge of the metal to each Defendant by nature of their employment. But again, Plaintiff's argument fails. Even if each Defendant saw the sheet metal during their employment, the law requires more. Each Defendant must have known that the metal posed a substantial risk of serious harm and then disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In this case, as noted in the Order, no evidence exists that any Defendant knew of previous issues or injury caused by the metal or that it posed a substantial risk of serious harm. Nor is there evidence that any Defendant deliberately disregarded such a risk. *See* [ECF No. 55 at 13–16.] Plaintiff fails to point to any evidence demonstrating deliberate indifference, and the Court finds no basis for reconsidering its Order.

## CONCLUSION

Plaintiff fails to show that the court's Order contains clear error of law or manifest injustice, or that he is otherwise entitled to relief under Rule 59(e). Accordingly, Plaintiff's motion to reconsider, ECF No. 57, is **DENIED**.

**IT IS SO ORDERED.**

June 2, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge